UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GLEN NUTTER,

    Plaintiff,

    v.

UPS GROUND FREIGHT, INC.,

    Defendant.

NO. **CV-10-128-LRS**

**ORDER RE MOTIONS TO REMAND**

**BEFORE THE COURT** are the Plaintiff's Motion For Remand To State Court (Ct. Rec. 8) and Plaintiff's Alternative Motion To Amend Complaint To Remove Federal Claims And Remand To State Superior Court (Ct. Rec. 11). These motions are heard without oral argument.

**I.  BACKGROUND**

In December 2008, Plaintiff commenced an action against Defendant in Spokane County Superior Court. The Complaint alleged violations of the federal Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et. seq.*, and the Washington Family Leave Act, RCW Chapter 49.78, related to Plaintiff's termination from employment for failing to report to work to attend his daughter's medical appointment.

In September 2009, Plaintiff filed a motion to amend the Complaint to add another basis for violation of the FMLA and the Washington Family Leave Act, that being that Defendant (his employer) allegedly required him to work hours in excess of a restriction imposed by Plaintiff's physician.

**ORDER RE MOTIONS TO REMAND -  1**

Trial had been scheduled for October 19, 2009 in Spokane County Superior Court, but shortly prior to that time, the parties advised the court they had reached a tentative agreement to settle the case. The parties, however, were unable to conclude a final settlement and, as a result, the trial was continued to January 4, 2010. In December 2009, trial was again continued to June 14, 2010.

The aforementioned motion to amend the Complaint which had been filed by Plaintiff in September 2009, was heard and granted in April 2010. In order to allow the Defendant additional time to conduct discovery on the new claim, trial was again continued, this time to October 11, 2010.

On April 26, 2010, Defendant filed its Notice of Removal, removing the action to this court pursuant to 28 U.S.C. § 1441 because of the existence of federal question jurisdiction with regard to Plaintiff's asserted federal claims.

A scheduling conference was conducted by this court on June 15, 2010 and a Scheduling Order (Ct. Rec. 7) entered on the same date, setting trial for April 11, 2011.

**II. DISCUSSION**

    **A. Motion To Remand**

Plaintiff's Motion To Remand contends Defendant's Notice of Removal is untimely because it was not filed within thirty (30) days after Defendant first becoming aware that a federal claim was being asserted in the action. 28 U.S.C. § 1446(b).

28 U.S.C. § 1447(c) requires that a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after filing of the Notice of Removal. Plaintiff's Motion To Remand (Ct. Rec. 8) was filed on June 29, 2010, over sixty (60) days after Defendant filed its Notice of Removal. Accordingly, Plaintiff's Motion To Remand (Ct. Rec. 8) is untimely and must be **DENIED**.

**ORDER RE MOTIONS TO REMAND -  2**

**B. Alternative Motion To Amend Complaint And Remand**

On July 6, 2010, Plaintiff filed this motion which seeks to amend his First Amended Complaint to eliminate his federal claims under the FMLA and have the remaining state law claims under the Washington Family Leave Act remanded to Spokane County Superior Court.

Even if the court were to allow the amendment and eliminate the federal claims, it would not be compelled to remand the action to state court. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Notwithstanding this rule, removal jurisdiction based on a federal question is determined from the complaint as it existed at the time of removal. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998). Clearly, a federal question existed at the time of removal in the captioned matter and accordingly, removal jurisdiction was proper and remains proper.[1] When removal is based on federal question jurisdiction and all federal claims are subsequently eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003)("Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441").

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001

---

[1] Remand is compelled pursuant to Section 1447(c) when federal subject matter jurisdiction did not exist at the time of removal.

**ORDER RE MOTIONS TO REMAND -  3**

(9th Cir. 1997)(en banc), quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988). This discretion is "dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity . . . .'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), quoting *Carnegie-Mellon*, 484 U.S. at 351. While a district court can consider whether a plaintiff has engaged in any manipulative tactics when it determines whether to remand a case, it is not improper for a plaintiff to exercise the tactical decision to move for remand soon after removal. *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995).

This court concludes the Plaintiff here has a made a straight-forward tactical decision to choose a state forum over pursuit of federal claims. Plaintiff's motion to amend and for remand was filed within a reasonable time after removal. Although a scheduling conference was held and a Scheduling Order entered, the parties advised the court in their June 7, 2010 "Joint Status Certificate and Discovery Plan" that Plaintiff might file a motion regarding removal of this action from state court. Defendant asserts Plaintiff is now abandoning a claim that he added just a few months ago (April 2010) in state court. As Plaintiff points out, however, the only thing he is abandoning is the FMLA aspect of the claim with regard to his work restriction, not the Washington Family Leave Act aspect of said claim.[2]

This case bears no resemblance to *Levine v. Voorhees Board Of Education*, 2009 WL 2424687 (D. N.J. 2009), cited by Defendant. There, the court denied Plaintiff's motion to voluntarily dismiss federal claims and indicated it would maintain supplemental jurisdiction over state law claims "because it ha[d] already

---

[2] The proposed Second Amended Complaint (attached to Ct. Rec. 11) indicates Plaintiff also intends to abandon the FMLA aspect of his claim related to his daughter's medical appointment, leaving only state law causes of action.

**ORDER RE MOTIONS TO REMAND -  4**

invested abnormally substantial resources into this proceeding." *Id*. at *3. The court observed that "[a] review of the docket alone tells the story of a two and one-half year old case involving numerous motions, countless letters and affidavits, numerous in-person conferences (both formal and informal), over fifty Court Orders and/or Opinions, and three appeals of the decisions of the Magistrate Judge." *Id*. The court also noted that dispositive motions were due next week and that expert discovery was in progress. *Id*. Pursuant to the Scheduling Order entered by this court in the captioned matter, dispositive motions are not due until December 7, 2010. This court has only entered a Scheduling Order; it has not rendered a decision on any substantive matter. Plaintiff asserts the Spokane County Superior Court is still holding open October 11, 2010 for trial in this matter if it is remanded. As noted, trial in this federal court is not scheduled to commence until April 2011.

This case is more like the situation in *Baddie v. Berkeley Farms*, 64 F.3d at 490-91, where the Ninth Circuit observed as follows:

> If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision.

This court finds nothing manipulative in Plaintiff's decision to abandon his federal claims and seek a remand of his state law claims to Spokane County Superior Court. Resuming the litigation in state court would not be wasteful or duplicative because neither this court or any party has invested substantial resources into the case at the federal level. Indeed, the majority of what has transpired in this action occurred in the roughly 17 months the action was in the Spokane County Superior Court, prior to removal to this court. The concerns of economy, convenience, and comity would be served by returning this action to state court. There is no prejudice to the Defendant in allowing the proposed

**ORDER RE MOTIONS TO REMAND -  5**

amendment of the Complaint and in remanding the action to state court.

## III.  CONCLUSION

Plaintiff's Motion To Amend Complaint (Ct. Rec. 11) is **GRANTED**. **Plaintiff's Second Amended Complaint, omitting all federal claims, shall be filed in this court no later than five (5) days from entry of this Order and upon filing of the same, the court will enter an order remanding this action to Spokane County Superior Court for resolution of the remaining state law claims.**

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.

DATED this __8th__ of September, 2010.

*s/Lonny R. Suko*
───────────────────────────
LONNY R. SUKO
Chief United States District Judge

**ORDER RE MOTIONS TO REMAND -  6**